# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO L. ORTIZ, | : | CIVIL NO. 3:16-cv-00460 |
| Petitioner, | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| KERESTES, *et. al.*, | : | (Chief Magistrate Judge Schwab) |
| Respondents. | : | |

## **REPORT AND RECOMMENDATION**

### I. Introduction.

Petitioner, Antonio L. Ortiz ("Ortiz"), a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Pennsylvania. Because Ortiz has been released on parole, we recommend that his petition claiming that he was unconstitutionally denied parole be dismissed as moot and that this case file be closed.

### II. Factual Background and Procedural History.

On March 16, 2016, Ortiz filed this instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Doc. 1*. At the time of filing his petition, Ortiz was in custody as a result of the Board of Probation and Parole ("the Board") denying his parole requests. *Id.* at 1-4. On June 26, 2017, after mail addressed to Ortiz was

returned to this Court as undeliverable (*doc. 11*), we ordered the Board to report Ortiz's current status of incarceration (*doc. 12*). In its reply, the Board advised us that Ortiz was released on parole on October 21, 2016, and he is currently living in Illinois. *Doc. 14*.[1]

**III.    Discussion.**

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis,* 494 U.S. at 477).

One doctrine that courts use to enforce the case-or-controversy limitation is mootness, "a doctrine that 'ensures that the litigant's interest in the outcome

---

[1] We have directed the Clerk of Court to update the address on the docket for Ortiz to the Illinois address provided by the respondent in Document 14.

2

continues to exist throughout the life of the lawsuit,' and is 'concerned with the court's ability to grant effective relief.'" *Hamilton v. Bromley*, No. 15-3111, 2017 WL 2925426, at *3 (3d Cir. July 10, 2017) (quoting *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016), and *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)). In other words, "a case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief.'" *Hamilton*, 2017 WL 2925426, at *3 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).

This case is moot. Ortiz filed his habeas petition for the sole purpose of seeking release on parole. Since Ortiz has already been released from custody, thereby obtaining the relief that he sought through habeas, this Court can no longer provide him with any relief in the instant case, and his petition is now moot. *Razzoli v. FCI Allenwood*, 200 Fed. Appx. 166, 169 (3d Cir. 2006) (holding that

3

Razzoli's claims that his release on parole was illegally delayed were mooted by his release on parole).

IV.  **Recommendation.**

Accordingly, **IT IS RECOMMENDED** that Ortiz's petition for a writ of habeas corpus be dismissed as moot and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **7th** day of **August**, **2017.**

*S/Susan E. Schwab*
Susan E. Schwab
United States Chief Magistrate Judge